## HOYT'S ADMINISTRATOR v. HANBURY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

No. 109. Submitted December 6, 1888. — Decided December 17, 1888.

This court concurs with the Circuit Court in its opinion upon the effect of the proofs in this case, and affirms the decree below.

When a letter is found in the record as part of the evidence taken before a master, and it is certified by the clerk as filed on the same day as other exhibits specifically referred to in a deposition, and the record shows no objection taken to its admission at the hearing before the court, it must, in this court, be deemed to have been admitted by consent.

BILL IN EQUITY. The case is stated in the opinion of the court.

*Mr. H. C. Cady* and *Mr. Theodore E. Davis* for appellant.

No appearance for appellees.

MR. JUSTICE GRAY delivered the opinion of the court.

The bill in equity in this case was filed by Emily Hoyt against Anna Hanbury and Miner N. Knowlton, to compel Knowlton the plaintiff's brother and attorney in fact, to account for money entrusted by her to him, and by him invested in land in Chicago, Illinois; as well as to set aside a contract and conveyances executed by him and by Mrs. Hanbury, by which that land was exchanged for land at Clarendon Hills, in the neighborhood of Boston, Massachusetts, upon the ground that he was induced to enter into the contract and

Opinion of the Court.

to make the exchange by her false and fraudulent representations as to the situation and value of the land in Massachusetts. The Circuit Court entered a money decree against Knowlton, and dismissed the bill as against Mrs. Hanbury, and an appeal taken by the plaintiff is now prosecuted by her administrator.

On examination of the evidence, and especially the testimony of Knowlton and of Mrs. Hanbury, and the letters written by Knowlton before and after the exchange, this court concurs in the opinion, expressed by the Circuit Judge, that Knowlton had had some experience as a dealer in real estate, and was quite capable of taking care of his own interests; that in making the exchange he did not rely upon what was said by Mrs. Hanbury, but acted upon his own judgment and upon information obtained by him from third persons; and consequently that no ground is shown for maintaining the bill. As the case turns upon a pure question of fact, depending upon conflicting evidence, and can be of no value as a precedent, further discussion of the testimony would be useless.

In the brief for the appellant, it is objected that one letter, written by Knowlton to Mrs. Hanbury after the exchange, which strongly supports the conclusion below, cannot be considered, because it was never offered in evidence. But this objection is not open to the appellant. The letter is found in the record as part of the evidence taken before the master, and is certified by the clerk to have been filed on the same day as other exhibits specifically referred to in Mrs. Hanbury's deposition, and the record does not show that any objection was taken to its admission at the hearing before the court. It must, therefore, under Rule 13 of this court, be deemed to have been admitted by consent.

*Decree affirmed.*